IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISSIE ATKINS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No.:_____ |
| | ) |
| NASHVILLE MACHINE ELEVATOR | ) |
| CO., INC., and JANNA HILL, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

COMES Plaintiff, Chrissie Atkins, and files this lawsuit against the Defendants, Nashville Machine Elevator Co., Inc., and Janna Hill, individually, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), and for her cause of action would state as follows:

1. Plaintiff resides in Nashville, Tennessee, and is currently employed by Defendant Nashville Machine Elevator Co., Inc., as a dispatcher and/or clerical employee at its primary place of business located at 530 Woodycrest Ave., Nashville, Tennessee, 37210.

2. Defendant Nashville Machine Elevator Co., Inc. is incorporated under the laws of the State of Tennessee.

3. The agent for service of process on Defendant Nashville Machine Elevator Co., Inc. is Donald B. Orr who can be served at 530 Woodycrest Ave., Nashville, Tennessee, 37210.

4. At all times material to this action, Defendant Janna Hill was employed as the office manager for Defendant Nashville Machine Elevator Co., Inc., and as such was Plaintiff's direct supervisor. In her position as office manager, Janna Hill exercised actual control over the terms and conditions of Plaintiff's employment with Defendants, including the hours of work for which

Plaintiff was paid, the job duties Plaintiff performed and the failure and/or refusal to pay Plaintiff's lawful overtime for the hours Plaintiff worked in excess of forty (40) per week. Defendants are subject to personal jurisdiction in this Court for purposes of this lawsuit.

5. This is an action brought pursuant to the FLSA found at 29 U.S.C. §201, *et. seq.*, to remedy violations of the wage provisions of the FLSA by Defendants which deprived Plaintiff of her lawful overtime wages.

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391 because Defendants' principal place of business is located in this District and a substantial portion, if not all, of the events forming the basis of this lawsuit occurred in this District.

7. At all times material to this action, Plaintiff was an "employee" as defined by §203(e)(1) of the FLSA throughout her employment with Nashville Machine Elevator Co., Inc.

8. At all times material to this action, Defendants were "employers" of Plaintiff as defined by §203(d) of the FLSA.

9. At all times material to this action, Defendant Nashville Machine Elevator Co., Inc. was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(f)(1) of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

10. At all times material to this action, Defendants engaged in conduct and actions which were deliberately designed to circumvent the overtime pay requirements set forth in §207 of the FLSA. More particularly, Defendants knowingly failed to pay Plaintiff for all the hours Plaintiff spent working for them, including the overtime hours she worked in in excess of forty (40) per week

in clear violation of the Act.

11. Plaintiff has been employed by Nashville Machine Elevator Co., Inc. from approximately August of 2012, through the present, as a dispatcher and office clerical worker. Throughout her employment, Plaintiff's job duties included taking customer phone calls and dispatching elevator service technicians to service customers; setting up work orders for service technicians; entering time tickets; opening and distributing mail; matching invoices with purchase orders; and routing calls on the switchboard.

12. Throughout her employment with Defendant Nashville Machine Elevator Co., Inc., Plaintiff was an hourly paid employee who was entitled to be paid at her regular hourly rate of pay for each non-overtime hour she worked, and at 150% of her regular hourly rate of pay for each overtime hour she worked.

13. Throughout her employment with Defendant Nashville Machine Elevator Co., Inc., Plaintiff was classified as an hourly-paid, non-exempt employee.

14. In December of 2016, Plaintiff called and spoke to a member of Defendant Nashville Machine Elevator Co., Inc.'s payroll department to ask her a question about holiday pay. During this conversation, Plaintiff was informed that she was an hourly-paid employee, and that the payroll department had received timecards from Plaintiff each and every week which purported to set forth the hours Plaintiff had worked. Plaintiff informed the payroll employee that she had never been told by anyone to turn in a timecard, and in fact had never turned in a timecard throughout her entire employment with Defendant Nashville Machine Elevator Co., Inc. The payroll employee acted surprised by this, and stated she would "make some phone calls" and let Plaintiff know what was

going on.

15. As a result of the incident described in paragraph 14, Plaintiff learned that her supervisor, Defendant Hill, had been filling out Plaintiff's timecards without Plaintiff's knowledge or permission and turning them in to the payroll department.

16. Each of the timecards Defendant Hill filled out and turned in for Plaintiff were identical, with a start time of 7:30 am, a stop time of 4:30 pm, with a one hour lunch, for a daily total of eight (8) hours.

17. Defendant Hill knew that the timecards she submitted for Plaintiff were inaccurate and did not include all of Plaintiff's compensable work hours.

18. From the time she began working for Defendant Nashville Machine Elevator Co., Inc. in August of 2012 until January of 2017, Plaintiff typically arrived to work and began working at between 6:30 and 6:45 am, and quit working around 4:30 pm. During this time period, Plaintiff frequently ate at her desk and continued working through lunch, or was able to take only a partial lunch break.

19. From August of 2012 until January of 2017, Plaintiff averaged working between forty-five (45) and fifty (50) hours a week. Plaintiff received no overtime pay for working these overtime hours.

20. After Plaintiff contacted the payroll department manager, she received a phone call from Sam Chitty ("Chitty"), the General Manager for Defendant Nashville Machine Elevator Co., Inc. chastising her for contacting the payroll manager and telling her he was frustrated with her. During this conversation, Chitty informed Plaintiff that Defendant Hill "has always done it this

way," meaning that Defendant Hill filled out and turned in time cards for Plaintiff and other office staff. Plaintiff responded by telling Chitty that what Defendant Hill was doing was illegal.

21. Following Plaintiff's complaint, Defendant Nashville Machine Elevator Co., Inc. changed its policies beginning in December of 2016 to require office staff to begin clocking themselves in and out and prohibiting office staff from starting work before their scheduled start time absent permission from Defendant Hill. Attached hereto as Exhibit 1 is a true and accurate email from Defendant Hill dated December 20, 2016, implementing these policies.

22. Since Plaintiff's complaint regarding Defendants' illegal conduct, she has been subjected to increased scrutiny by Defendants, including being written up by Defendant Hill. Plaintiff believes that Defendants intend to continue targeting her in an effort to fire her or run her off as a result of her complaints about Defendants' illegal practices and the policy changes Defendants were forced to make as a result.

23. Not long after complaining about Defendants' illegal conduct, Defendant Hill wrote Plaintiff up for allegedly violating the "Standards of Conduct Policy," and included inaccurate and non-existent events in the write-up. During her conversation with Plaintiff about this write-up, Defendant Hill told Plaintiff that General Manager Chitty instructed Defendant Hill to pass along this quote from him to Plaintiff: "If you cause me more work, heads will roll."

24. In submitting false timesheets for Plaintiff and others which reduced the pay to which they were lawfully entitled, Defendant Hill was acting as an "employer" under the FLSA as she was "acting directly or indirectly in the interest of [Nashville Machine Elevator Co., Inc.] in relation to [Plaintiff]." 29 U.S.C.A. §203(d). As such, Defendant Hill is jointly and severally liable as an

5

"employer" along with Nashville Machine Elevator Co., Inc. for the violations of the FLSA and damages sought by Plaintiff herein.

25. Defendants' practice of failing to compensate Plaintiff for the overtime hours she worked at the proper rate of one-and-one-half (1½) times her regular hourly rate is a violation of 29 U.S.C. §207.

26. Defendants' actions in failing to compensate Plaintiff in accordance with the overtime provisions of the FLSA were willful.

27. As a result of the violations of the FLSA, Plaintiff has suffered damages by failing to receive thousands of dollars in lawful compensation due her during her tenure of employment with Defendants. In addition to the amount of unpaid wages owing to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b).

28. Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

29. Pursuant to 29 U.S.C. §216(b), attached to and filed with this Complaint as Exhibit 2, is Plaintiff's Consent to Become Party Plaintiff form signed by Plaintiff.

WHEREFORE, Plaintiff, pursuant to §216(b) of the FLSA, prays for the following relief:

1) that Plaintiff be awarded damages in the amount of her respective unpaid overtime compensation, and an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

2) reasonable attorney's fees;

3) the costs and expenses of this action; and

4) such other, further and general relief to which Plaintiff may show herself entitled.

Respectfully submitted,

JAMES BEWLEY LAW PLLC

By: /s/ Jenni Bryant
Jimmy Bewley, TN #026788
Jenni Bryant, TN #034148
300 10th Ave South
Nashville, TN 37203
Tel: 615-988-9411
jbewley@JBLfirm.com
jbryant@JBLfirm.com


DICKINSON WRIGHT PLLC

/s/ Martin D. Holmes
Martin D. Holmes, TN Bar #012122
Joshua Burgener, TN Bar #29077
Fifth Third Center
424 Church Street, Suite 1401
Nashville, TN 37219-2392
Tel.: 615-244-6538
Fax: 615-256-8386
mholmes@dickinsonwright.com
jburgener@dickinsonwright.com

Attorneys for Plaintiff